TRINA A. HIGGINS, United States Attorney (7349)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RALAND J. BRUNSON,<br><br>Plaintiff,<br><br>v.<br><br>SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, JOHN and JANE DOES 1–100,<br><br>Defendants. | **MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Case No. 1:23-cv-00042-HCN-JCB<br><br>Judge Howard C. Nielson<br>Magistrate Judge Jared C. Bennett |

## INTRODUCTION

Defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson (collectively "Defendants") respectfully request that this matter be dismissed pursuant to FED. R. CIV. P. 12(b)(1) because the doctrine of derivative jurisdiction deprives this Court of jurisdiction over this removed action.

## BACKGROUND

Plaintiff Raland J. Brunson, *pro se*, initiated this action against Defendants, in their official capacities as Associate Justices of the United States Supreme Court, in the Second

Judicial District Court of Utah ("state court"), Case No. 230901367, on March 7, 2023.[1] Brunson's claims—which include breach of contract, intentional infliction of emotional distress, fraud, and civil conspiracy—arise from the Supreme Court's denial of his petition for writ of certiorari in *Brunson v. Adams, et al.*, No. 22-380.[2]

The United States Attorney's Office for the District of Utah removed the action to this Court pursuant to 28 U.S.C. § 1442(a) on April 13, 2023.[3]

## STANDARD OF REVIEW

Under FED. R. CIV. P. 12(b)(1), a court should "presume no jurisdiction exists."[4] The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction."[5] To establish jurisdiction, a plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'"[6] Where, as here, the defendant's motion is a facial attack on the complaint's allegations, a court must accept the factual allegations in the complaint as true.[7] While a *pro se* litigant's pleadings should be

---

1   *See* Compl. (Docket No. 1-1).

2   *Id.*

3   *See* Notice of Removal (Docket No. 1).

4   *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992).

5   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

6   *Koch Indus.*, 971 F.2d at 551 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

7   *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

"liberally construed,"[8] a plaintiff's *pro se* status does not "excuse the obligation of any litigant" to comply with all jurisdictional and procedural rules.[9]

## ARGUMENT

The doctrine of derivative jurisdiction provides that a federal court's jurisdiction upon removal "is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction."[10] The doctrine prohibits a federal court from acquiring jurisdiction over such a removed action "even though the federal court would have had jurisdiction if the suit had originated there."[11] Although Congress has amended the general removal statute to eliminate derivative jurisdiction as to removals under 28 U.S.C. § 1441,[12] the doctrine remains applicable to removals under section 1442.[13] Defendants removed this matter from state court under 28 U.S.C. §1442(a)(3). Thus, if the state court did not have jurisdiction over the claims asserted against Defendants, this Court acquired none upon removal.

Sovereign immunity "generally shields the United States, its agencies, and officers acting in their official capacity from suit."[14] The party bringing suit against the United States or a

---

[8] *Estell v. Gamble,* 429 U.S. 97, 106 (1996).

[9] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[10] *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 96 (10th Cir. 1970) (citing *Minnesota v. United States,* 305 U.S. 382, 389 (1939)).

[11] *Arizona v. Manypenny,* 451 U.S. 232, 242 n.17 (1981); *see also Minnesota*, 305 U.S. at 388 (explaining that "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought.").

[12] 28 U.S.C. § 1441(f).

[13] *See*, *e.g., Bowers v. J & M Discount Towing, LLC*, 472 F. Supp. 2d 1248, 1254 (D.N.M. 2006).

[14] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)).

federal official bears the burden of proving that sovereign immunity has been waived.[15] A waiver of sovereign immunity cannot be implied and must be unequivocally expressed.[16]

In his Complaint, Brunson seeks money damages against Defendants in their official capacities relating to the denial of his petition for writ of certiorari.[17] His first cause of action is styled as a claim for breach of contract.[18] The remaining causes of action assert claims of intentional infliction of emotional distress, fraud, and civil conspiracy.[19] But Brunson has cited no waiver of sovereign immunity that would allow him to recover money damages from Defendants or the United States.

The Tucker Act waives the government's sovereign immunity for actions founded on "any express or implied contract with the United States . . . ."[20] But that Act grants the Court of Federal Claims exclusive jurisdiction to hear such claims if the alleged damages exceed $10,000.[21] Because Brunson alleges that he has suffered damages in excess of $3 billion, any breach-of-contract claim could only be cognizable in the Court of Federal Claims, not state court.[22]

---

[15] *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *Warren v. United States*, 244 F. Supp. 3d 1173, 1212 (D.N.M. 2017).

[16] *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290–91 (2012); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

[17] *See* Compl. ¶¶ 30–45, 71–95.

[18] *Id*. ¶¶ 46–53.

[19] *Id*. ¶¶ 54–70.

[20] 28 U.S.C. § 1491(a)(1).

[21] *See* 28 U.S.C. § 1346(a)(2) (granting district courts concurrent jurisdiction with the Court of Federal Claims for contract claims "not exceeding $10,000 in amount . . .").

[22] Brunson's complaint also fails to state a claim for breach of contract. *See* Compl. ¶¶ 47–52. The submission of petitions for discretionary judicial relief and the payment of related filing

Brunson's remaining claims—intentional infliction of emotional distress, fraud, and civil conspiracy—sound in tort. The Federal Tort Claims Act (FTCA) is the exclusive means by which claimants may recover monetary damages for common-law torts committed by federal employees acting within the scope of their employment.[23] But the FTCA's limited waiver of sovereign immunity includes numerous limitations and conditions that must be "strictly observed."[24] Those limitations include that FTCA claims may only be brought in federal court and that such claims may only be asserted against the United States, not individual federal employees.[25] Thus, the state court did not have jurisdiction over Brunson's second through fourth causes of action, as those claims all arise from the allegedly tortious conduct of Defendants, acting in their official capacities.[26]

Because no waiver of sovereign immunity exists to authorize Brunson's claims against the Defendants in state court, the state court lacked jurisdiction over his claims. By operation of

---

fees do not create a contract between Brunson and Defendants. *Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015) (unpublished) ("[A]s a matter of law, the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States.") (internal quotations omitted); *see also* SUP. CT. R. 10 (review "on a writ of certiorari is not a matter of right, but of judicial discretion.").

[23] 28 U.S.C. § 2679(b)(1); *FDIC v. Meyers*, 510 U.S. 471, 476 (1994).

[24] *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016).

[25] 28 U.S.C. §§ 1346(b)(1), 2674.

[26] Defendants also enjoy absolute immunity from suit for judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (internal citations omitted). Judicial acts plainly include deciding whether to grant a petition for writ of certiorari or a petition for rehearing.

the derivative-jurisdiction doctrine, that defect likewise deprives this Court of jurisdiction over his claims.[27]

## CONCLUSION

For the foregoing reasons, the United States requests that this action be dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1).

Dated this 19th day of April, 2023.

                                                TRINA A. HIGGINS
                                                United States Attorney

                                                */s/ Amanda A. Berndt*
                                                AMANDA A. BERNDT
                                                Assistant United States Attorney

---

[27] *E.g.*, *Bowers*, 472 F. Supp. 2d at 1254.

## CERTIFICATE OF SERVICE

The undersigned employee of the United States Attorney's Office hereby certifies that on April 19, 2023, the following document:

**Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

was served by U.S. Mail and electronic mail to the following individual:

    Raland J. Brunson
    4287 South Harrison Boulevard, #132
    Ogden, Utah 84403
    thedreamofthecentury@gmail.com

                                                */s/ Amanda A. Berndt*
                                                AMANDA A. BERNDT
                                                Assistant United States Attorney