TRINA A. HIGGINS, United States Attorney (7349)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| RALAND J. BRUNSON, | |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |
| v. | |
| SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, JOHN and JANE DOES 1–100, | Case No. 1:23-cv-00042-HCN-JCB Judge Howard C. Nielson Magistrate Judge Jared C. Bennett |
| Defendants. | |

## INTRODUCTION

Plaintiff Raland J. Brunson initiated this action in state court against defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson (collectively "Defendants") in their official capacities as Associate Justices of the United States Supreme Court.[1] The complaint alleges that Defendants violated their oaths of office by refusing to grant Brunson's writ of certiorari and that he is therefore entitled to an award of over $3 billion for breach of contract, intentional infliction of emotional distress, and fraud.[2]

---

[1] *See* Compl. (Docket No. 1-1).

[2] *Id.*

The case was removed to this Court under 28 U.S.C. § 1442(a)(3) on April 13, 2023.[3] Defendants then moved to dismiss.[4]

## ARGUMENT

In response, Brunson does not address the only issue raised by the motion to dismiss: whether the derivative-jurisdiction doctrine prohibits this Court from acquiring jurisdiction over this matter if the state court lacked jurisdiction. As set out in the opening brief, the only waivers of sovereign immunity that could possibly govern Brunson's claims—the Tucker Act[5] and the Federal Tort Claims Act[6]—limit jurisdiction to federal courts, not state courts.[7] The state court thus lacked jurisdiction over his claims, and this Court acquired no jurisdiction upon removal.

Rather than meeting his burden by identifying an applicable waiver of sovereign immunity, Brunson attacks the sovereign immunity of the federal government and these Defendants. Specifically, Brunson appears to argue that the doctrine of sovereign immunity *itself* is unconstitutional because it interferes with his right to petition the government for a redress of grievances.[8] This argument is unavailing.

The First Amendment protects a person's right to petition the government.[9] This right—in tandem with the due-process clauses of the Fifth and Fourteenth Amendments—further

---

[3] Notice of Removal (Docket No. 1).

[4] Mot. to Dismiss (Docket No. 7).

[5] 28 U.S.C. § 1491(a)(1).

[6] 28 U.S.C §§ 1346(b), 2671–79.

[7] *See* Mot. to Dismiss at 3–5.

[8] Opp. Br. at 2–6.

[9] U.S. CONST. amend. I.

protects a person's right to access the courts.[10] But neither of these rights is absolute. As courts have repeatedly held, the right to petition one's government for a redress of grievances does not include a right to a response.[11] Similarly, the right to access the courts does not include a right to pursue any claim against any defendant, without regard to the merit of those claims.[12]

Brunson also fails to point this Court to *any* authority supporting his argument. This is no doubt because no court has ever held that the doctrine of sovereign immunity conflicts with the First Amendment or the Constitution more generally. Indeed, it is broadly understood that the doctrine of sovereign immunity was foundational for the framers of the Constitution.[13] As the Supreme Court has explained, "the doctrine that a sovereign could not be sued without its

---

[10] *Silver v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976); *see also Valdez v. Roybal*, 186 F. Supp. 3d 1197, 1235–36 (D.N.M. 2016).

[11] *E.g.*, *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271, 283–85 (1984) ("The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy . . . . Absent statutory restrictions, the State must be free to consult or not to consult whomever it pleases."); *We the People Found., Inc. v. United States*, 485 F.3d 140, 144–45 (D.C. Cir. 2007) (upholding dismissal of complaint alleging that the First Amendment was violated when both the executive and legislative branches failed to acknowledge plaintiff's petitions challenging the government's authority to levy taxes); *United States v. Vital Health Prods., Ltd.*, 786 F. Supp. 761, 778–79 (E.D. Wis. 1992) (a plaintiff may "petition the government for any redress of grievances to his heart's content," but that right "does not preclude the government from moving to dismiss any groundless causes of action he may present.").

[12] *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("[The] right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.") (internal citation omitted); *see also Montesano v. New York*, No. 05 CV 9574, 2006 WL 944285, *3 (S.D.N.Y. Apr. 12, 2006) (unpublished) (the right to sue in court . . . does not afford the party the right to obtain a particular result." (citing *Catellano v. City of New York*, 142 F.3d 58, 74 (2nd Cir. 1998)).

[13] *See Alden v. Maine*, 527 U.S. 706, 715–16 (1999) (discussing the historical context surrounding the doctrine of sovereign immunity in holding that the Constitution prohibits Congress from abrogating the sovereign immunity of states).

consent was universal in the States when the Constitution was drafted and ratified."[14] To suggest that the framers intended to trample on this centuries-old doctrine when drafting and ratifying the Constitution is simply ahistorical.

Finally, it's worth noting that the logical end to Brunson's argument—that no limits can be placed on how, where, or why government agencies and officials can be sued—would upend our entire system of justice.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' Motion to Dismiss, Defendants requests that this action be dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1).

Dated this 30th day of May, 2023.

        TRINA A. HIGGINS
        United States Attorney

        */s/ Amanda A. Berndt*
        AMANDA A. BERNDT
        Assistant United States Attorney

---

[14] *Id.*

## CERTIFICATE OF SERVICE

The undersigned employee of the United States Attorney's Office hereby certifies that on May 30, 2023, the following document:

**Reply in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

was served by U.S. Mail and electronic mail to the following individual:

Raland J. Brunson
4287 South Harrison Boulevard, #132
Ogden, Utah 84403
thedreamofthecentury@gmail.com

                                               */s/ Amanda A. Berndt*
                                               AMANDA A. BERNDT
                                               Assistant United States Attorney