THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RALAND J. BRUNSON,**<br><br>Plaintiff,<br><br>v.<br><br>**SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, and JOHN and JANE DOES 1-100,**<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:23-cv-00042-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson's (collectively, "Defendants") motion to dismiss.[2] Based upon the analysis set forth below, the court recommends granting Defendants' motion and dismissing this case without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Pro se Plaintiff Raland J. Brunson ("Mr. Brunson") filed his complaint in this case in Second District Court in Weber County, Utah.[3] Defendants removed the case to this court under 28 U.S.C. § 1442(a)(3).[4] Mr. Brunson's complaint is centered on the United States Supreme

---

[1] ECF No. 6.

[2] ECF No. 7.

[3] ECF No. 1-1.

[4] ECF No. 1.

Court's denial of his petition for writ of certiorari and petition for rehearing in a separate case.[5] Mr. Brunson's complaint names Defendants in their official capacities as Associate Justices of the United States Supreme Court and asserts causes of action for breach of contract, intentional infliction of emotional distress, fraud, and civil conspiracy. In his prayer for relief, Mr. Brunson seeks over $3 billion in damages. Defendants moved to dismiss this case for lack of subject-matter jurisdiction.[6]

## LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(1), this court should "presume no jurisdiction exists,"[7] and the burden of establishing jurisdiction "rests upon the party asserting jurisdiction."[8] To establish jurisdiction, a plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[9] Because Defendants' motion to dismiss is a facial attack on the allegations of Mr. Brunson's complaint, the court must accept those allegations as true.[10]

## ANALYSIS

The court recommends granting Defendants' motion to dismiss because the court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction, which provides that upon removal, a federal court cannot acquire subject-matter jurisdiction over a case if the state court

---

[5] *Brunson v. Adams,* 143 S. Ct. 569, *reh'g denied*, 143 S. Ct. 855 (2023).

[6] ECF No. 7.

[7] *United States ex rel. Precision Co. v. Koch Indus., Inc.,* 971 F.2d 548, 551 (10th Cir. 1992).

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[9] *Koch Indus., Inc.*, 971 F.2d at 551 (second alteration in original) (quotations and citations omitted).

[10] *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995) (citations omitted).

lacked subject-matter jurisdiction.[11] That doctrine applies even if the federal court would have had subject-matter jurisdiction over the case if the case had been brought initially in federal court.[12] Although Congress amended 28 U.S.C. § 1441 to eliminate the doctrine of derivative jurisdiction with respect to removals under that section,[13] the doctrine remains applicable to removals under 28 U.S.C. § 1442,[14] which is the section Defendants relied upon to remove this case. Therefore, the doctrine of derivative jurisdiction applies here.

Under the doctrine of derivative jurisdiction, this court lacks subject-matter jurisdiction for two reasons. First, because Mr. Brunson has not identified any waiver of sovereign immunity that subjects Defendants to suit in state court, the state court did not have subject-matter jurisdiction. Thus, this court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction. Second, even if Mr. Brunson had relied upon the statutory schemes providing a

---

[11] *Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none . . . ."); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970) ("Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction.").

[12] *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *see also Minnesota*, 305 U.S. at 388-89 (providing that "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought" and that the doctrine of derivative jurisdiction applies even if the federal court would have had subject-matter jurisdiction over a case if the case was brought originally in federal court).

[13] 28 U.S.C. § 1441(f).

[14] *Bowers v. J & M Disc. Towing, LLC*, 472 F. Supp. 2d 1248, 1254 (D.N.M. 2006) ("[T]he majority of the Circuit Courts of Appeals that have addressed this issue, including the Tenth Circuit, have determined that federal courts' jurisdiction remains derivative of state courts' jurisdiction for those cases removed under statutes other than 28 U.S.C. § 1441.").

waiver of sovereign immunity for his claims, the state court still lacked subject-matter jurisdiction. Consequently, this court does not have subject-matter jurisdiction under the doctrine of derivative jurisdiction. Each reason is discussed in order below.

   I.   **Because Mr. Brunson Has Not Identified a Waiver of Sovereign Immunity to Sue Defendants in State Court, the State Court Lacked Subject-Matter Jurisdiction.**

Because Mr. Brunson fails to carry his burden of establishing a waiver of sovereign immunity to bring suit against Defendants in state court, the state court did not have subject-matter jurisdiction. "Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit."[15] The party bringing suit against United States officials bears the burden of proving that a waiver of sovereign immunity exists.[16] Without a waiver of sovereign immunity, a court lacks subject-matter jurisdiction over a case brought against United States officials.[17]

Mr. Brunson sued Defendants in their official capacities as United States officers, but he fails to identify any waiver of sovereign immunity.[18] Additionally, Mr. Brunson fails to identify

---

[15] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).

[16] *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

[17] *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

[18] In his response to Defendants' motion to dismiss, Mr. Brunson does not argue that there is a waiver of sovereign immunity for his claims. Instead, Mr. Brunson appears to argue that the doctrine of sovereign immunity is unconstitutional because it obstructs his right to petition the government for redress of grievances under the First Amendment. Importantly, Mr. Brunson fails to cite any authority for his argument, and the court is unaware of any court holding that the doctrine of sovereign immunity is unconstitutional. To the contrary, as noted by Defendants, the doctrine of sovereign immunity was a foundational concept to the framers of the Constitution. *Alden v. Maine*, 527 U.S. 706, 715-16 (1999) (discussing the historical context of the doctrine of

any statute that authorizes suit in state court against United States officials. Mr. Brunson's failure to establish a waiver of sovereign immunity that authorizes suit against Defendants in their official capacities and allows that suit to proceed in state court means that the state court did not have subject-matter jurisdiction. Accordingly, this court's derivative jurisdiction precludes it from hearing this case.[19]

## II. Even if Mr. Brunson Had Attempted to Rely Upon the Statutory Schemes Providing a Waiver of Sovereign Immunity for His Claims, the State Court Still Lacked Subject-Matter Jurisdiction.

The state court still lacked subject-matter jurisdiction even if Mr. Brunson had attempted to rely upon the statutory schemes providing a waiver of sovereign immunity for his claims. The only two conceivable schemes upon which Mr. Brunson could have relied are: (1) the Tucker Act, which addresses contract actions against the United States; and (2) the Federal Tort Claims Act ("FTCA"), which deals with tort claims against United States employees. As shown below, neither scheme would give the state court subject-matter jurisdiction.

First, Mr. Brunson's claim for breach of contract is governed by the Tucker Act, which waives sovereign immunity and grants the Court of Federal Claims—not state courts—exclusive

---

sovereign immunity and stating that "the doctrine that a sovereign could not be sued without its consent was universal in the States when the Constitution was drafted and ratified"). Therefore, Mr. Brunson's argument is without merit.

[19] Despite Defendants' well-taken argument that this court lacks subject-matter jurisdiction, Mr. Brunson argues that Defendants improperly failed to address the merits of his complaint and speculates that this court will do the same. That argument and speculation ignores the concept of subject-matter jurisdiction. By arguing that this court lacks subject-matter jurisdiction, Defendants are necessarily arguing that this court should not reach the merits of Mr. Brunson's claims. Further, because this court agrees with Defendants' argument concerning subject-matter jurisdiction, this court cannot address the merits of Mr. Brunson's claims. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

jurisdiction "for claims against the United States founded upon . . . contracts and seeking amounts greater than $10,000."[20] Because Mr. Brunson is seeking over $3 billion in damages, the Court of Federal Claims has exclusive jurisdiction over his claim for breach of contract. Thus, even if Mr. Brunson had relied upon the Tucker Act, the state court did not have subject-matter jurisdiction over that claim, which, by virtue of derivative jurisdiction, means that this court doesn't either.

Second, Mr. Brunson's remaining tort claims for intentional infliction of emotional distress, fraud, and civil conspiracy are potentially governed by the FTCA, which provides a limited waiver of sovereign immunity for a plaintiff to recover monetary damages for specific common-law torts committed by United States employees acting within the scope of their employment.[21] However, the FTCA's limited waiver of sovereign immunity allows FTCA claims to be brought exclusively in federal court,[22] which means that, even if Mr. Brunson had relied upon the FTCA, the state court lacked subject-matter jurisdiction. And, therefore, so does this court under the doctrine of derivative jurisdiction. Therefore, this case should be dismissed without prejudice for want of subject-matter jurisdiction.[23]

---

[20] *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997); *see also* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

[21] 28 U.S.C. § 2679(b)(1); *Meyer*, 510 U.S. at 475-76.

[22] 28 U.S.C. § 1346(b)(1).

[23] The court acknowledges the hundreds of letters it received from citizens urging this court to overlook jurisdictional defects and to decide this case on its merits. However, courts must abide by the law. And the law provides that a federal court that receives a case removed from state court is subject to the same jurisdictional limitations that applied to the state court. Because the state court could not exercise subject-matter jurisdiction to hear this case, this court cannot either regardless of how many concerned citizens want this court to decide the merits of the case.

## CONCLUSION AND RECOMMENDATION

As demonstrated above, the state court did not have subject-matter jurisdiction over this case, and, thus, this court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction. Therefore, the court HEREBY RECOMMENDS that Defendants' motion to dismiss[24] be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.[25]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[26] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[27] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of July 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 7.

[25] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[26] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[27] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).